UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 02-cr-40002-JPG |
| MAJOR JERMAINE MONROE, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Major Jermaine Monroe's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 59). The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 61). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government (Doc. 63) and the defendant (Doc. 64) have responded to counsel's motion.

On October 17, 2002, Monroe pled guilty to distributing crack cocaine (Doc. 33). Under the 2002 Sentencing Guidelines Manual, Monroe's base offense level was calculated by converting all drugs involved in Monroe's offense to their marihuana equivalents ("MEU"). U.S.S.G. § 2D1.1 cmt. n.10. His relevant conduct was approximately 15,303 kilograms of MEU, resulting in a base offense level of 36. Monroe was also determined to be a career offender under U.S.S.G. § 4B1.1 based on prior felony drug or violence convictions, but since his base offense level of 36 under U.S.S.G. § 2D1.1 was higher than the applicable career offender offense level of 34, the Court applied the base offense level of 36 under U.S.S.G. § 2D1.1. His offense level was reduced by two points under U.S.S.G. § 3E1.1 for acceptance of responsibility, yielding a total

offense level of 34. Considering Monroe's criminal history category of VI, established by both his criminal history point total and his career offender status, the total offense level of 34 yielded a sentencing range of 262-327 months in prison. On January 15, 2003, the Court imposed a sentence of 262 months (Docs. 39 & 40).

In 2009, the Court reduced Monroe's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and/or 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine. Monroe's base offense level under U.S.S.G. § 2D1.1 was recalculated at 34 – equivalent to his career offender offense level – rendering a total offense level of 32. Considering his criminal history of IV, this yielded a sentencing range of 210-262 months. The Court reduced his sentence to 210 months.

Monroe now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first

criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Monroe because he cannot satisfy either criterion. Monroe was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Even if Amendment 750 lowered Monroe's base offense level under U.S.S.G. § 2D1.1, that reduced based offense level would be lower than his career offender offense level of 34. Consequently, under U.S.S.G. § 4B1.1(b), the higher career offender offense level of 34 would apply, Monroe's total offense level would still be 32, and his guideline sentencing range would still be 210-262 months. *See United States v. Williams*, 694 F.3d 917, 919 (7th Cir. 2012) (holding reduction not available to career offender where career offender offense level exceeded reduced U.S.S.G. § 2D1.1 offense level, even where original sentence was based on U.S.S.G. § 2D1.1 offense level); *United States v. Stevenson*, No. 12-3108, 2014 WL 1613881 (7th Cir. Apr. 23, 2014) (same). Thus, Amendment 750 did not lower Monroe's sentencing range.

Additionally, reducing Monroe's sentence would be inconsistent with the Sentencing Commission's policy statement that, in determining whether a defendant is eligible for a reduction, the Court may substitute only the amended guideline and may not change any other findings made at the original sentencing. U.S.S.G. § 1B1.10 cmt. n. 1(A). To reduce Monroe's sentence based on the lowered base offense level under U.S.S.G. § 2D1.1 would essentially vacate the Court's original finding that he was a career offender under U.S.S.G. § 4B1.1, a result inconsistent with the policy of only substituting the amended guideline. *Stevenson*, 2014 WL 1613881, at *2.

Because Monroe cannot satisfy the either criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.   The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 61) and **DISMISSES** Monroe's *pro se* motion for a sentence reduction (Doc. 59) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   May 1, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
