UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>MAJOR JERMAINE MONROE,<br><br>      Defendant. | Case No. 02-cr-40002-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Major Jermaine Monroe's *pro se* motion for a reduction of his criminal sentence and modification of his terms of supervised release (Doc. 81).

As for a sentence reduction because of a guideline amendment, Monroe cites no specific guideline amendment that may have warranted a sentence reduction under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. In any case, Monroe has already filed a reduction motion, and the Federal Public Defender has already been invited to appear for Monroe, regarding U.S.S.G. Amendment 782.

As for modifying the terms of supervised release, Monroe has not described circumstances that would warrant modification under 18 U.S.C. § 3583(e). Once Monroe gets closer to the commencement of his supervised release term (he is now scheduled to be released from prison in 2019) he may petition the Court again if he believes any specific supervised release term should be modified.

To the extent Monroe believed he did not receive proper credit under 28 U.S.C. § 3585(b) for time he was detained before his sentencing, he may raise this complaint in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 in the district in which he is incarcerated after exhausting his administrative remedies.

To the extent Monroe seeks relief from the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) violates the right to due process) or from any asserted vagueness in the guidelines as applied to him, such relief would be available to him only by a motion under 28 U.S.C. § 2255.  However, Monroe has already filed a § 2255 motion (Case No. 04-cv-4007-JPG), and the Court of Appeals has declined to allow him to file another one (Case No. 16-cv-472-JPG; Doc. 4).  He cannot file another § 2255 motion until he obtains permission from the Court of Appeals to do so.  *See* 28 U.S.C. § 2255(h).

For the foregoing reasons, the Court **DENIES without prejudice** Monroe's motion to the extent it seeks modification of supervised release and **DISMISSES** it in all other respects (Doc. 81).

**IT IS SO ORDERED.**
**DATED:   July 21, 2016**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**