UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> v.<br><br>MAJOR JERMAINE MONROE,<br><br>  Defendant. | Case No. 02-cr-40002-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Major Jermaine Monroe's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 79). Counsel was invited to enter an appearance for Monroe but has not.

On October 17, 2002, Monroe pled guilty to distributing crack cocaine (Doc. 33). Under the 2002 Sentencing Guidelines Manual, Monroe's base offense level was calculated by converting all drugs involved in Monroe's offense to their marihuana equivalents ("MEU"). U.S.S.G. § 2D1.1 cmt. n.10. His relevant conduct was approximately 15,303 kilograms of MEU, resulting in a base offense level of 36. Monroe was also determined to be a career offender under U.S.S.G. § 4B1.1 based on prior felony drug or violence convictions, but since his base offense level of 36 under U.S.S.G. § 2D1.1 was higher than the applicable career offender offense level of 34, the Court applied the base offense level of 36 under U.S.S.G. § 2D1.1. His offense level was reduced by two points under U.S.S.G. § 3E1.1 for acceptance of responsibility, yielding a total offense level of 34. Considering Monroe's criminal history category of VI, established by both his criminal history point total and his career offender status, the total offense level of 34 yielded a sentencing range of 262-327 months in prison. On January 15, 2003, the Court imposed a sentence of 262 months (Docs. 39 & 40).

In 2009, the Court reduced Monroe's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and/or 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine. Monroe's base offense level under U.S.S.G. § 2D1.1 was recalculated at 34 – equivalent to his career offender offense level – rendering a total offense level of 32. Considering his criminal history of VI, this yielded a sentencing range of 210-262 months. The Court reduced his sentence to 210 months.

Monroe now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive as of November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Amendment 782 lowered Monroe's base offense level under U.S.S.G. § 2D1.1 from the

original 36 to 34, which is equal to his career offender offense level of 34.  Consequently, Monroe's total offense level would be 32, and his guideline sentencing range after Amendment 782 would be 210-262 months, lower than his original sentencing range of 262-327 months. However, reducing Monroe's current 210-month sentence would be inconsistent with the Sentencing Commission's policy statement that, unless the defendant received a cooperation reduction, the Court cannot sentence him to a term of imprisonment lower than the minimum of the amended guideline range, 210 months.  *See* U.S.S.G. § 1B1.10(b)(2)(A).  Thus, Monroe is not eligible for a reduction.

Because the defendant cannot satisfy the second criterion under 18 U.S.C. § 3582(c)(2), the Court **DENIES** his *pro* se motion for a sentence reduction (Doc. 79).

**IT IS SO ORDERED.**
**DATED:   August 5, 2016**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**